UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD BOSSE, II, | ) |
|            Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-00203-SEP |
| HMS HOST BY AVOLTA, et al., | ) |
|            Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Gerald Boss's motion to proceed without prepayment of the filing fees and costs. Doc. [2]. Upon review of the application and the financial information submitted in support, the Court grants Plaintiff's motion.

Plaintiff will be required to amend his pleading on a Court-provided form for filing an employment discrimination action. Failure to amend in the time specified will result in dismissal of this action without prejudice. As Plaintiff asserts claims under Title VII, he will also be required to provide the Court with a copy of his Charge of Discrimination from the Equal Employment Opportunity Commission (EEOC). Failure to file the Charge of Discrimination will necessitate dismissal of Plaintiff's Title VII claims.

### THE COMPLAINT

Plaintiff brings this lawsuit against his former employer, Defendant HMS Host by Avolta, (HMS), a restaurateur who allegedly owns several businesses located at Lambert Field in St. Louis, Missouri. Doc. [1] at 7. Plaintiff worked at two of those businesses: the Blue Note and Mike Shannon's. *Id*. Plaintiff also sues Dorothy Beard, the HRS Human Resources Representative at Lambert Field, and managers Connie Jameson and Megan Menn. *Id.* at 2.

Plaintiff states that he was hired at the Blue Note in April of 2022 but was promoted by HMS to bartender at Mike Shannon's in the Fall of 2023. Doc. [1] at 6-7. In December of 2023, Jameson purportedly sent Plaintiff home from Mike Shannon's for yelling on the job, although Plaintiff contests Jameson's characterization of the events. *Id.* Plaintiff filed a grievance with the union over the incident, and the hearing on the matter was allegedly set for January 10, 2024. *Id*. Jameson also allegedly criticized Plaintiff's attire and appearance. *Id.* at 8.

On January 1, 2024, an unnamed manager at Mike Shannon's told Plaintiff that he should wait to "drop his bank" so that "the ladies could go first." *Id.* at 8. Plaintiff interpreted the

statement as sexually discriminatory, and on January 2, 2024, he reported it to HMS's Human Resources Department and an unnamed Director of Operations at Lambert Field Airport. *Id*.

On January 8, 2024, Plaintiff was suspended for "theft of time." *Id*. He does not indicate who at HMS suspended him, nor does he articulate the specific reasons behind the suspension, but it appears that it may have involved Defendant Megan Menn. Doc. [1] at 16. Plaintiff claims that the allegation of stolen time was an excuse to have him fired so that his grievance could not be heard on January 10, 2024. Doc. [1] at 8. Plaintiff was then terminated on January 10, 2024. *Id*. Menn and Beard were interviewed at Plaintiff's unemployment hearing approximately 11 months later, on November 19, 2024, and both denied that a grievance hearing had been scheduled for January 10, 2024. *Id*.

The Complaint is not entirely clear. Plaintiff states in a conclusory manner that, as a male, he is a member of a protected class. Doc [1] at 8. He states generally that he was participating in protected activity when he reported sex discrimination to "his superiors" at HMS on January 2, 2024. *Id*. He intimates that Defendants Beard and Menn knew that he had an unspecified cancer during an unnamed time while he was employed at HMS, and that Beard personally approved him for Family and Medical Leave at that unnamed time. *Id*. at 9. Plaintiff does not indicate what that has to do with his separation from employment at HMS, however, and he does not connect his FMLA leave with his alleged termination from HMS.

Plaintiff also suggests that Mike Currie, the General Manager supervising him while he was working at HMS's Budweiser Bar, forced an unnamed employee to serve Muslim customers hamburgers that had bacon removed. Doc. [1] at 6. Currie allegedly stated about the incident, "they're worshipping the wrong god anyway." *Id*. Plaintiff does not indicate that he reported the incident to anyone at HMS; nor does he allege that he was unlawfully retaliated against because of any action he may have taken in connection with the event. Plaintiff suggests that it was religious discrimination, but he does not state that it was discriminatory towards him. *Id*.

In addition to his claims of sex discrimination and retaliation under Title VII, Plaintiff asserts claims under § 1981 for race and sex discrimination, as well as a sexually hostile work environment. Doc. [1] at 18. But Plaintiff has not indicated his race in his Complaint; nor has he stated facts relating to a sexually hostile work environment. Last, Plaintiff asserts in a conclusory manner that he was ridiculed and subjected to improper conduct at HMS based on his "gender and sexual orientation." *Id*. And he states that Defendants engaged in a "pattern or

practice" of this discrimination based on "sex and religion."  *Id.* at 19.  But Plaintiff again fails to provide any facts relative to that generalized statement.

Plaintiff seeks approximately four million dollars in damages.

DISCUSSION

I.      **Plaintiff must amend his Complaint on a Court-provided form.**

Because Plaintiff failed to fill out the Court's Employment Discrimination Complaint form, and because his Complaint is scattered and difficult to comprehend, the Court will require Plaintiff to amend his Complaint on the Court's Employment Discrimination Complaint form.  In completing an amended complaint, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure.  His self-represented status does not excuse him from following the Federal Rules of Civil Procedure or the Local Rules of this Court.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct.  Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Each count should set forth:  1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant or Defendants violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief).  Plaintiff must follow the same format with respect to each claim.  In stating the facts of a claim, Plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known.  Plaintiff must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and under what law, e.g., sex discrimination under Title VII, retaliation under Title VII, retaliatory discharge under Title VII, race discrimination under § 1981, etc.

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint on the form provided.  Any amended complaint must be signed under penalty of perjury and completed in accordance with the

instructions provided in the form and in this Memorandum and Order. The filing of an amended complaint completely replaces all earlier filed pleadings in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

## II. **Plaintiff fails to state a claim under § 1981 or Title VII.**

Plaintiff asserts that he is pursuing race discrimination claims, hostile work environment, harassment and retaliation claims against Defendants pursuant to 42 U.S.C. § 1981. He also appears to assert sex discrimination claims under § 1981, but sex discrimination claims are unavailable under 42 U.S.C. § 1981. *See Runyon v. McCrary*, 427 U.S. 160, 167, (1976); *Movement for Opportunity and Equality v. General Motors Corp.,* 622 F.2d 1235, 1278 (7th Cir. 1980). Plaintiff also asserts sex discrimination, retaliation, and retaliatory discharge claims pursuant to Title VII. In its current form, Plaintiff's Complaint fails to successfully state claims for relief under any of those legal theories.[1]

### A. Plaintiff fails to state a race discrimination claim under § 1981.

Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The Supreme Court recently clarified that for a claim under § 1981, a plaintiff "must initially plead and ultimately prove that, but for race, he would not have suffered the loss of a legally protected right." *Comcast Corp. v. Natl'l Assoc. Afr. Am.-Owned Media,* 140 S. Ct. 1009, 1019 (2020); *see also Bostock v. Clayton Cnty.,* 140 S. Ct. 1731, 1739 (2020) (events may have more than one but-for cause).

To establish a prima facie case under § 1981, a plaintiff must properly allege: (1) membership in a protected class; (2) intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (e.g., the making and enforcement of contracts). *Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 839 (8th Cir. 2004).

---

[1] Retaliation and hostile work environment claims brought pursuant to § 1981 are subject to the same standards as such claims brought under Title VII. *See Kim v. Nash Finch Co.,* 123 F.3d 1046, 1063 (8th Cir. 1997) (elements of retaliation for Title VII and § 1981 are the same); *Greer v. St. Louis Reg'l Med. Cent.*, 258 F.3d 843, 847 (8th Cir. 2001) (claims alleging a hostile work environment under § 1981 are analyzed using the same standards as Title VII claims).

Plaintiff does not have to plead that race was the *only* factor in an employment action (such as a termination), but he does have to plead that it was a "but-for" cause.

Plaintiff does not even state his race in the Complaint, much less how his race affected his employment with HMS or his termination. He thus fails to state a claim for race discrimination.

### B. Plaintiff fails to state a hostile work environment claim under Title VII or § 1981.

To state a prima facie case for hostile work environment, a plaintiff must allege: "(1) [he] belongs to a protected group; (2) [he] was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) [his] employer knew or should have known of the harassment and failed to take proper action." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021). "At the pleading phase, the court must determine whether the alleged harassment is 'severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe [his] working conditions have been altered.'" *Id.* (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016)). The Eighth Circuit explained the "high threshold for a . . . harassment claim based on hostile work environment," as follows:

> To determine whether a complaint alleges an objectively hostile work environment, the court looks at the "totality of the circumstances." The court may consider circumstances such as the "frequency and severity of the discriminatory conduct," whether the conduct was "physically threatening or humiliating, as opposed to a mere offensive utterance," and whether the "conduct unreasonably interfered with the employee's work performance." A hostile work environment claim must allege more "than a few isolated incidents." The alleged harassment "must be so intimidating, offensive, or hostile that it poisoned the work environment." The Supreme Court has "cautioned courts to be alert for workplace behavior that does not rise to the level of actionable harassment." The "standards for a hostile environment are demanding, and conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." Courts must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." Even "vile or inappropriate" behavior may be insufficient to rise to the level of an actionable hostile work environment claim.

*Id.*

Plaintiff does not allege circumstances that meet that threshold. He does not relate how the environment at HMS was abusive. He does not allege that he was subjected to racist jokes or

inappropriate behavior based on his race; nor does he allege that Defendants acted in a physically threatening or humiliating manner due to his race. Thus, the Complaint fails to plausibly allege a hostile work environment under § 1981.

### C. Plaintiff fails to state a gender discrimination claim under Title VII.

A prima facie showing of gender discrimination claim under Title VII requires Plaintiff to show that: (1) he belongs to a protected group, (2) he was meeting his employer's legitimate job expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Warmington*, 998 F.3d at 789. Although Plaintiff need not make a prima facie showing at this stage of the litigation, he must "plausibly allege but-for causation," i.e., provide facts sufficient to give rise to the inference that he suffered an adverse employment action *because* of his gender. *Brimager v. City of Moscow Mills*, 706 F. Supp.3d 838, 845 (8th Cir. 2023) ("At the motion to dismiss stage, Plaintiffs need only plausibly allege but-for causation."); *see also Wells v. SCI Mgmt., L.P.,* 469 F.3d 697 (8th Cir. 2006) (a typical means of proof for the fourth element in a gender discrimination case is showing that plaintiff was treated differently from similarly situated employees of the opposite sex).

Plaintiff has yet to allege that he was treated differently than a similarly situated employee of the opposite sex in the terms or conditions of his employment. So far, he has stated only that on one occasion an unnamed manager told him to allow ladies to "drop" their "bank" first, and on another occasion, his attire was criticized. Such allegations do not give rise to an inference that he suffered an adverse employment action because of his gender.

### D. Plaintiff fails to state a retaliation claim under Title VII or § 1981.

Title VII and 42 U.S.C. § 1981 prohibit employers from retaliating against employees for opposing discrimination. *See* 42 U.S.C. § 2000e–3(a); *CBOCS W., Inc. v. Humphries,* 553 U.S. 442, 454–55 (2008); *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1059 (8th Cir.1997). To prevail on a retaliation claim under either statute, a plaintiff must prove (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) the materially adverse action was causally connected to his protected activity. *See Kim,* 123 F.3d at 1060.

Here, Bosse has done nothing more than allege in a conclusory manner that he was illegally retaliated against. That is not sufficient. He must plead enough facts to give rise to an inference that retaliation is a "plausible but-for cause" of an alleged adverse employment action. *See Meinen v. Bi-State Development Agency*, 101 F. 4th 947, 951 (8th Cir. 2024) (plaintiff must "plead sufficient facts to give rise to an inference of causation beyond mere speculation").

### E.  Plaintiff may have missed the statutory deadline for filing his Title VII claims.

Prior to bringing a Title VII case to federal court, a litigant is required to file a Charge of Discrimination with the EEOC, receive a Right to Sue Letter, and file his lawsuit in federal court within 90 days of its receipt.  *See Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e–5(f)(1)).  Plaintiff attached a Right to Sue Letter dated November 18, 2024, Doc. [1-1] at 1, and so, the filing deadline could have been as early as February 17, 2025.  He filed this lawsuit on February 18, 2025.  Doc. [1].

"Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC."  *Hill v. John Chezik Imp.,* 869 F.2d 1122, 1124 (8th Cir. 1989).  The Eighth Circuit has affirmed the dismissal of a Title VII lawsuit filed 91 days after receipt of EEOC order that started the filing period.  *See Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002).  If Plaintiff received his right to sue letter the day it was issued, his Complaint was filed one day late, and his Title VII claims are time-barred.  If Plaintiff did not receive his notice until after November 18, 2024, he should so indicate in his amended complaint.  Additionally, the Court recognizes that there are certain situations that can toll the filing deadline.  If Plaintiff believes that principles of equitable tolling should relieve him of the consequences of filing his lawsuit late, he should address that in an amended complaint.

### F.  Plaintiff failed to attach a copy of his Charge of Discrimination.

Plaintiff is required to provide the Court with a copy of his Charge of Discrimination as an attachment to an amended complaint so that the Court may ascertain whether Plaintiff's Title VII claims in his amended complaint are "like or reasonably related to" the claims outlined in his Charge of Discrimination.  *Duncan v. Delta Consolidated Indus., Inc*., 371 F.3d 1020, 1024 (8th Cir. 2004).  Plaintiff's failure to provide the Charge of Discrimination will necessitate dismissal of his Title VII claims.

### G.  Individuals cannot be liable under Title VII.

Plaintiff purports to sue two supervisors and a Human Resources Representative pursuant to Title VII.  Title VII provides a remedy against only Plaintiff's employer, HMS, as individuals cannot be liable under Title VII.  *See Fantini v. Salem State College*, 557 F.3d 22, 28-31 (1st Cir. 2009); *see also Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997))

(The Eighth Circuit Court of Appeals has "squarely held that supervisors may not be held individually liable under Title VII."); *see also Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). If Plaintiff submits an amended complaint, he should not include Title VII claims against other employees of HMS.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis,* Doc. [2], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a Court-provided form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, **within 30 days of the date of this Order**, on the Court-provided form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach to his amended complaint a copy of his Charge of Discrimination from the EEOC.

**IT IS FINALLY ORDERED** that, if Plaintiff fails to timely file an amended complaint in compliance with this Court's Order, this case will be dismissed without prejudice.

Dated this 15th day of September, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE