**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GERALD BOSSE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00203-SEP |
| | ) | |
| HMS HOST BY AVOLTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is self-represented Plaintiff Gerald Bosse's Amended Complaint. *See* Doc. [4]. On September 15, 2025, the Court ordered Plaintiff to file an amended complaint in accordance with the instructions in the Order. *See* Doc. [3]. The Amended Complaint, Doc. [4], was timely filed, but it fails to comply with the instructions set forth in the Court's September 15th Order. Plaintiff must submit a second amended complaint on a Court-provided form along with a copy of his Charge of Discrimination from the EEOC. Plaintiff's failure to do so **within 21 days of the date of this Order** will result in dismissal of this action without prejudice.

### BACKGROUND

Plaintiff brings this lawsuit against his former employer, Defendant HMS Host by Avolta, (HMS), a restaurateur that allegedly owns several businesses located at Lambert Field in St. Louis, Missouri. Doc. [1] at 7. Plaintiff worked at three of those businesses: the Blue Note, Mike Shannon's, and Three Kings. Doc. [4] at 2-3. Plaintiff also sues Dorothy Beard, the HRS Human Resources Representative at Lambert Field, and managers Connie Jameson, Megan Menn, and Tony Little. *Id*.

On February 18, 2025, Plaintiff submitted a pro se complaint alleging claims of sex discrimination and retaliation under Title VII. He also alleged claims under § 1981 for race and sex discrimination, as well as a sexually hostile work environment. Doc. [1] at 18. Because the Complaint was deficient under Federal Rules of Civil Procedure 8 and 10, was not prepared on the Court's Employment Discrimination Complaint form in violation of Local Rule 2.06(A), and failed to state a claim under 28 U.S.C. § 1915(b), the Court ordered Plaintiff to submit an amended complaint on a Court-provided form. *See* Doc. [3] at 3. The Court specifically

instructed Plaintiff that he should "state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.*  Additionally, for each count in the lawsuit, Plaintiff was instructed to set forth:

> 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant or Defendants violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff must follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known. Plaintiff must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and under what law, e.g., sex discrimination under Title VII, retaliation under Title VII, retaliatory discharge under Title VII, race discrimination under § 1981, etc.

*Id.*  Plaintiff was also instructed to attach a copy of his Charge of Discrimination to his amended complaint and inform the Court on what date he received his Right to Sue Letter from the EEOC. Doc. [3] at 1, 7.

### DISCUSSION

Plaintiff filed a 28-page typed Amended Complaint on October 15, 2025.  Doc. [4]. Attached to his Amended Complaint is an Employment Discrimination form with a one-paragraph "Statement of Claim."  Doc. [4-1].  Plaintiff's filing does not comply with the Court's September 15, 2025, Order for multiple reasons.

First, Plaintiff failed to place his claims on the Employment Discrimination Complaint Form.  Second, he failed to attach a copy of his Charge of Discrimination from the EEOC. Third, Plaintiff failed to indicate the date upon which he received his Right to Sue Letter from the EEOC.  And fourth, Plaintiff failed to take note of the deficiencies in his claims for relief as outlined in the Court's Order, such as:  (1) sex discrimination claims are unavailable under § 1981; (2) there is no individual liability under Title VII; (3) hostile work environment claims require allegations of a severe and pervasive environment of abuse that substantially alters working conditions; and (4) gender discrimination claims under Title VII require Plaintiff to show that he was treated differently than a similarly situated employee of the opposite sex in the terms or conditions of his employment.  Doc. [3] at 4-7.  Because Plaintiff is proceeding pro se,

2

the Court will allow him one more opportunity to submit a complaint that complies with its September 15, 2025, Order on a Court-provided Employment Discrimination Complaint form.

### INSTRUCTIONS FOR SUBMITTING A SECOND AMENDED COMPLAINT

Plaintiff will be provided with the Court's Employment Discrimination Complaint form, which he must fill out in its entirety.  *See* E.D. Mo. L. R. 2.06(A).  Plaintiff may attach **two additional typed sheets** to his Court-provided form to supplement his "Statement of Claim." Plaintiff must also submit a copy of his Charge of Discrimination from the EEOC.

Under the Statement of Claim section of the form complaint, state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Each count should set forth:  1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant or Defendants violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief).

Plaintiff must follow the same format with respect to each claim.  In stating the facts of a claim, Plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known.  Plaintiff must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and under what law, e.g., sex discrimination under Title VII, retaliation under Title VII, retaliatory discharge under Title VII, race discrimination under § 1981, etc.

Plaintiff should reread the Court's September 15, 2025, Memorandum and Order in its entirety so that he is familiar with the statutory elements of each of the actions he is attempting to bring before the Court.  And he should take care to pursue under Title VII only claims that he pursued in his Charge of Discrimination before the EEOC.  As for his claims under § 1981, he should pursue only those claims that are available under the statute.

Plaintiff will have **21 days to submit a second amended complaint along with a copy of his Charge of Discrimination**.  His failure to do so in a timely manner **will** result in dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail Plaintiff a Court-provided form for filing an Employment Discrimination Complaint, as well as a copy of the Court's September 15, 2025, Memorandum and Order, Doc. [3].

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint **within 21 days of the date of this Order** on the Court-provided form in accordance with the instructions set forth in that form and in this Memorandum and Order.  **Plaintiff shall attach to his second amended complaint a copy of his Charge of Discrimination from the EEOC**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file a second amended complaint in compliance with this Court's orders, this case will be dismissed without prejudice.

Dated this 15th day of April, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4